UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE DYE,

    Plaintiff,

v.                                      Case No. 2:11-cv-13967

WASHTENAW COUNTY SHERIFF
DEPARTMENT, et al.,

    Defendants.
                                   /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND EXTENDING DEADLINE FOR FILING MOTION FOR ATTORNEY'S FEES**

    Before the court is Defendants' motion for sanctions, requesting that the court sanction Plaintiff under Federal Rule of Civil Procedure 11 for filing a frivolous complaint and launching a "smear campaign designed to harass" Defendants. (Mot. Sanctions ¶ 2, Dkt. # 17.) Plaintiff has not responded and the time allotted for a response has elapsed. *See* E.D. Mich. LR 7.1(e)(2)(B). The court determines a hearing to be unnecessary. *See id.* 7.1(f)(2). For the reasons that follow, the court will deny the motion.

### I. BACKGROUND

    The events giving rise to this litigation occurred on August 17, 2010, when Defendants Joseph Ballard and David Egeler of the Washtenaw County Sheriff Department observed Plaintiff's eviction from "Camp Take Notice," a community of

homeless individuals living in tents.[1]  Shortly thereafter, Defendants allege that Plaintiff began a "smear campaign" against Defendants Ballard and Egeler by systematically distributing flyers "falsely describing [them] as racists, members of the Ku Klux Klan and conspiring to murder him."  (Br. Supp. Mot. Sanctions 1, Dkt. # 17; see Mot. Sanctions Ex. 1, Dkt. # 17-2.)  On February 8, 2011, after Plaintiff did not respond to a written demand from Defendants' counsel that he retract the statements contained in the flyers, the officers filed a pre-suit petition in the Washtenaw County Circuit Court to depose Plaintiff and determine whether he had any evidence to support his potentially libelous statements.  See Mich. Ct. R. 2.303(A)(1).  Although the petition was granted, the deposition did not take place as scheduled.  Instead, Plaintiff ceased his leaflet campaign, and the officers chose not to pursue the litigation unless Plaintiff again began distributing the flyers.  The circuit court dismissed the officers' libel action for lack of progress on August 29, 2011.

On September 12, 2011, Plaintiff filed a complaint in this court based on the Camp Take Notice incident against Defendants Ballard, Egeler, Washtenaw County Sheriff Jerry Clayton, and the Washtenaw County Sheriff Department.  Defendants allege that Plaintiff "revived his smear campaign within two days" by distributing more flyers and sending emails, this time targeting Defendant Clayton as well as Defendants Ballard and Egeler.  (See Mot. Sanctions Ex. 1, Dkt. # 17-2.)  On September 23, 2011, Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff filed an amended complaint on October

---

[1] A more complete description of this incident is contained in the court's order granting Defendants' second motion to dismiss the complaint.  (See 11/29/11 Order 1-2, Dkt. # 19.)

14, 2011. Defendants filed a second motion to dismiss under Rule 12(b)(6), which the court granted on November 29, 2011.

Defendants first sent a draft of this motion for sanctions to Plaintiff on September 27, 2011, (*see id.* Ex. 3, at 1-21, Dkt. # 17-4), in order to comply with the "safe harbor" requirement of Rule 11, *see* Fed. R. Civ. P. 11(c)(2) ("[A] motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."). Defendants sent additional Rule 11 notices to Plaintiff on October 14, 2011, (*see* Mot. Sanctions Ex. 3, at 22-40), and on October 20, 2011, (*see id.* at 41-59), and agreed on October 24, 2011, to extend the safe harbor period until November 11, 2011, in light of Plaintiff's amended complaint. Plaintiff did not withdraw his complaint, and Defendants filed the instant motion for sanctions with the court on November 15, 2011. Plaintiff failed to file a response within the required time period. *See* E.D. Mich. LR 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion.").

## II. STANDARD

Under Rule 11, an attorney or unrepresented party who signs, files, or submits a pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* 11(c)(1).

"'The test for the imposition of Rule 11 sanctions in this circuit is whether the individual's conduct was reasonable under the circumstances.'" *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005) (quoting *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792 (6th Cir. 1988)). This is "'an objective standard, intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'" *Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005) (citing Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amends.)). While, generally, a court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must still abide by Rule 11's certification requirements and are not exempt from Rule 11 sanctions "simply because they are not represented by counsel." *King v. IB Prop. Holdings Acquisitions*, 635 F. Supp. 2d 651, 661 (E.D. Mich. 2009); *see also Kaye v. Acme Invs., Inc.*, No. 08-12570, 2008 WL 4482304, *1 (E.D. Mich. Oct. 1, 2008) ("Pro se litigants must comply with Rule 11 no less than attorneys, and must make a

4

reasonable inquiry as to whether the pleading in question is well-grounded in fact and warranted by existing law.").

### III.  DISCUSSION

Defendants argue that Plaintiff violated Rule 11 both "by initiating this action and continuing his smear campaign for the improper purpose of harassing the Defendants." (Br. Supp. Mot. Sanctions 5.)  Defendants request that the court award them "monetary sanctions" to cover "the costs to defend against [Plaintiff]'s frivolous suit and smear campaign" and a restraining order barring Plaintiff from "distributing material intentionally calculated to incite public contempt for the officers." (*Id.* at 7.)  Because Plaintiff's leaflet campaign is not within the purview of Rule 11 and his complaint does not run afoul of Rule 11(b), Defendants' motion for sanctions must be denied.

As an initial matter, Rule 11 does not allow the court to sanction Plaintiff for distributing flyers and emails to the general public.  Rule 11 applies only to court filings. *See* Fed. R. Civ. P. 11(b) (confining the rule's application to the "present[ation] to the court [of] a pleading, written motion, or other paper").  An individual cannot violate Rule 11(b), thereby risking sanctions under Rule 11(c), by statements made in other documents. *See id.* 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . .").  If Defendants seek to enjoin Plaintiff from disseminating these materials, it would seem that a libel action or something similar, perhaps of the type contemplated by the pre-suit petition filed against Plaintiff in the Washtenaw County Circuit Court, would be required.

Turning to Plaintiff's complaint, Defendants allege that it violates Rule 11(b)(1), (2), and (3) because it was presented for the improper purpose of harassing

5

Defendants, it states a frivolous claim not warranted by existing law, and it lacks evidentiary support. These arguments fail. First, Defendants' blanket assertion that the factual allegations in the complaint "have no evidentiary support," (Br. Supp. Mot. Sanctions 6), is untenable. Plaintiff's complaint is based solely on the events that transpired at Camp Take Notice on August 17, 2010, and does not incorporate the allegedly libelous statements printed in the flyers and emails to which Defendants now object. As neither Defendants' motions to dismiss nor their motion for sanctions challenges Plaintiff's recitation of the facts concerning the Camp Take Notice incident, the court cannot conclude that Plaintiff violated Rule 11(b)(3) by filing the complaint.

Second, the claims and legal contentions stated in the complaint are not *so* frivolous as to amount to a violation of Rule 11(b)(2). Though the court ultimately granted Defendants' motion to dismiss the complaint for failure to state a claim, Plaintiff brought a colorable argument that Defendants Ballard and Egeler violated his Fourth Amendment rights, based upon existing Supreme Court and Sixth Circuit jurisprudence concerning law enforcement officers' quasi-participation in illegal evictions. *See Soldal v. Cook Cnty., Ill.*, 506 U.S. 56 (1992); *Cochran v. Gilliam*, 656 F.3d 300, 307-09 (6th Cir. 2011). Given Plaintiff's status as a *pro se* litigant, the court finds that the legal defects of his complaint are not deserving of sanctions.

Third and finally, Defendants have not presented sufficient evidence that Plaintiff brought the complaint for an improper purpose. As discussed above, Plaintiff's complaint presented an arguable legal claim based on allegations adequately grounded in fact. Even when taken alongside Defendants' proffered evidence of Plaintiff's allegedly improper leaflet campaign targeting Defendants, the court is unconvinced that

Plaintiff was acting on an illicit motivation when crafting his complaint. Rather, it seems that Plaintiff appears to have filed this lawsuit to redress what he considered a legal wrong—or, at least, he can be sensibly viewed as having done so. This purpose does not violate Rule 11(b)(1). Thus, the court determines that sanctions against Plaintiff for filing his complaint are not warranted under Rule 11(c).

Defendants also appear to request an award of attorney's fees under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1988, which provisions they seem to cite as additional authority for the relief they request under Rule 11. (*See* Br. Supp. Mot. Sanctions 5 ("The frivolous nature of the Complaint also warrants sanctions under Rule 54 and 42 U.S.C. 1988 [sic].").) However, a motion for Rule 11 sanctions "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). If Defendants intended to move for attorney's fees under Rule 54(d) in their instant motion, such a request was not properly presented to the court. Accordingly, the court will allow Defendants fourteen days from the date of this order to file a motion for attorneys fees under Rule 54(d), should they desire to do so. *See id.* 54(d)(2)(B)(i) (requiring party to file a motion for attorney's fees "no later than 14 days after the entry of judgment," "[u]nless a statute or court order provides otherwise").

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' "Motion for Sanctions" [Dkt. # 17] is DENIED.

7

IT IS FURTHER ORDERED that the deadline for filing a motion for attorney's fees under Federal Rule of Civil Procedure 54(d) is EXTENDED to **January 20, 2012**.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2012, by electronic and/or ordinary mail.

      s/Lisa G. Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522